LILY M. HEWAHEWA *v.* SOLOMON K. LALAKEA AND MOLLIE P. LALAKEA, DEFENDANTS, AND BANK OF HAWAII (HILO BRANCH), ET AL., GARNISHEES.

No. 2350.

ARGUED SEPTEMBER 6, 1939.          DECIDED OCTOBER 5, 1939.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE MATTHEWMAN IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is an action by the payee Lily M. Hewahewa against Solomon K. Lalakea and Mollie Pang Lalakea, the makers of a promissory note. The instrument is in usual negotiable form, payable upon demand. The plaintiff-payee is referred to in the record both as Lily M. and as Lily L. Hewahewa.

Two defenses were urged below, *viz.*, conditional delivery and failure of consideration. The trial court, jury waived, found for the defendants in the alternative upon both grounds, *i.e.*, conditional delivery and, if delivery were not conditional, failure of consideration.

The plaintiff-payee is here on exceptions urging that from the evidence upon which the court predicated its finding of conditional delivery, it affirmatively appears as a matter of law that the makers of the note waived the conditions imposed by them upon its delivery or by their acts and conduct estopped themselves from asserting the continued existence of such conditions; also that the note is supported by a valuable consideration.

Upon the issues of conditional delivery and failure of consideration the court found: "The Court finds as a fact under all the evidence that the note, Exhibit 'A', was conditionally delivered to the plaintiff as an attempted means of security in the *form* of an absolute document to protect her [the payee] in the event anything happened to her brother Solomon [one of the makers], before he was

able to get the title of the Lalakea lands straightened out, and that the same was never intended to be an absolute delivery of an absolute obligation, but on the contrary if so considered, there would be an absolute failure of consideration to support it at the time in which it was delivered." There were no findings upon the issues of waiver or estoppel.

The facts upon which the finding of conditional delivery was predicated are as follows: On March 6, 1915, T. K. Lalakea conveyed to his son Solomon K. Lalakea, one of the appellees, for and during the term of the natural life of the son with remainder over to the heirs of the latter in fee simple forever, all of his, the said T. K. Lalakea's, title and interest, claim and estate, whether in law or in equity, in and to divers lands in said deed described, reserving unto himself, the grantor, the entire use and possession of the premises and the rents and profits thereof during the remaining term of his life. T. K. Lalakea, the grantor, died intestate May 7, 1915, leaving him surviving as heirs-at-law two sons, including Solomon K. Lalakea, one of the appellees, four daughters, including Lily Hewahewa, the appellant, and one Hannah Makainai and the children of two deceased daughters. The validity of the March 6, 1915, deed had been successfully attacked in an action to quiet title brought by Hannah Makainai upon the ground that the same had never been delivered. (See *Makainai* v. *Lalakea*, 25 Haw. 470, 26 Haw. 667.) A similar effort on the part of Lily Hewahewa, the appellant, had proved unsuccessful. (See *Hewahewa* v. *Lalakea*, 27 Haw. 544.) Under the local statutes there may be a trial of title in partition proceedings. (R. L. H. 1935, § 4747.) Moreover, the statutory provisions in respect to necessary parties to the proceedings are especially comprehensive. (R. L. H. 1935, § 4741.) The Laupahoehoe Sugar Company, a domestic corporation, was the owner

of undivided interests in certain of the lands described in the deed of March 6, 1915. The situation presented a procedural method of final determination of the validity or invalidity of the deed of March 6, 1915, by a decree binding upon all parties in interest, including the heirs of T. K. Lalakea. To anticipate the contingency, however, of the court determining in any partition proceedings that might be brought that the deed of March 6, 1915, was invalid, in which event it necessarily followed that T. K. Lalakea, the grantor, died seized of the interests in the lands by the invalid deed sought to be conveyed by him in his lifetime, Solomon K. Lalakea undertook to secure for himself all of the outstanding interests of the heirs of T. K. Lalakea in the latter's estate. And among others, he secured from his sister Lily M. Hewahewa on December 17, 1932, a quitclaim deed of all of her right, title and interest in the estate of her father subject to a reservation of an identified acre of land with which we are not concerned. She, as a sister of Solomon K. Lalakea under the deed of March 6, 1915, was a contingent remainderman expectant in the interests in lands thereby conveyed. Moreover, as to her, the deed of March 6, 1915, had been declared valid. (See *Hewahewa* v. *Lalakea, supra.*) The deed of December 17, 1932, from Lily M. Hewahewa to Solomon K. Lalakea recites that the consideration is $1 and love and affection. But as found by the trial court the actual consideration was $4500 and it was to secure the payment of the consideration of the deed that the note subject to the within action was executed. The evidence upon which the court concluded that the note had been conditionally delivered was to the effect that although it had been manually delivered to the payee it was not to become effective as a legal obligation on the part of the makers until Solomon succeeded in establishing, in partition proceedings to be brought by him, a fee simple title

in the premises subject to suit. It also appears in evidence that contemporaneously with the execution of the note and mortgage, the parties to the note orally agreed that should the court in the contemplated partition proceedings sustain the validity of the March 6, 1915, deed and Solomon failed in such proceedings to establish fee simple title in himself in the premises subject thereto, the deed from Lily M. Hewahewa to him of December 17, 1932, should become inoperative. In June, 1933, Solomon K. Lalakea and his wife Mollie Pang Lalakea, as petitioners, instituted the contemplated partition proceedings. In addition to the Laupahoehoe Sugar Company, all of the heirs-at-law of T. K. Lalakea, including Lily M. Hewahewa, were made parties respondent, including a son that had in the meantime been born to the petitioners, the son having become the heir presumptive of Solomon and himself a contingent remainderman under the deed of March 6, 1915, if said deed were valid.

It is in the partition proceedings above referred to that the alleged inconsistent acts and conduct of Solomon K. Lalakea and Mollie Pang Lalakea occurred. They relate to the efforts of the petitioners Solomon K. Lalakea and Mollie Pang Lalakea in the partition proceedings to prevent Lily M. Hewahewa from appearing therein. Lily M. Hewahewa, though made party respondent to the partition proceedings, had defaulted and a decree *pro confesso* had been entered against her. After the decision of this court, upon appeal from the interlocutory decree in partition reversing the trial judge and sustaining the validity of the deed of March 6, 1915 (see *Lalakea* v. *Laupahoehoe S. Co.*, 33 Haw. 745), Lily Hewahewa applied for leave to intervene in the partition suit and assert her claim as a contingent remainderman expectant under the deed of March 6, 1915. Without detailing the pleadings filed by the petitioners and upon which the appellant relies, it is

sufficient to say that in the partition proceedings both in the circuit court and in this court on appeal Solomon K. Lalakea and his wife Mollie Pang Lalakea insisted that Lily Hewahewa, prior to the commencement of the partition proceedings, had conveyed to Solomon K. Lalakea all of her interest, whether in possession or expectancy, in the property involved in the partition proceedings and that her appearance in said partition proceedings as a contingent remainderman expectant was improper and she had no interest in the property involved in said proceedings. The steps taken by Solomon K. Lalakea and his wife in that regard are best appreciated by reference to the *per curiam* opinion of this court in the partition proceedings while they were pending in this court upon appeal from the final decree in partition, reported in 34 Haw. 232.

Appellant concedes that under the rule applicable to review by exceptions of findings of fact, jury waived, the evidence upon the issue of conditional delivery being conflicting, the finding of the trial judge thereon is not open for review. Hence we may proceed directly to the consideration of the claims of waiver and estoppel upon the conceded premise that the note of December 16, 1932, was conditionally delivered to the payee.

Waiver has been defined as "a voluntary and intentional relinquishment * * * of a known * * * right"; or "such conduct as warrants an inference of the relinquishment of such right." 67 C. J., tit. Waiver § 1, pp. 289, 291. (See *Keil Motor Co.* v. *Royal Ins. Co.,* 171 Atl. 201 [Del. Sup. Ct.] ; *McPherrin* v. *Sun L. Assur. Co.* 219 Iowa 159, 257 N. W. 316.) Waiver must be "intentional." "Such intention may be indicated by language or conduct, may be either express or implied," 67 C. J., tit. Waiver § 6, pp. 302, 303 (see also *id.* § 7, p. 304), but "does not necessarily imply that one has been misled to his prejudice or into an altered position." *Id.* § 2, p. 295. "Waiver depends

upon the intention of the party who is charged with the waiver. * * * There must appear to be an intention to relinquish the right or advantage. * * * It may be proven by an express declaration of the party charged with the waiver. It may also be proven by the existence of acts or language so inconsistent with the purpose of the person charged to stand upon his rights as to leave no opportunity for a reasonable inference to the contrary." *Champion Spark Plug Co.* v. *Automobile Sundries Co.,* 273 Fed. 74, 79. (See *Rice* v. *Fidelity & Deposit Co.,* 103 Fed. 427, 435; *G. S. Johnson Co.* v. *Nevada Packard Mines Co.,* 272 Fed. 291, 305. The following appears to be a comprehensive definition of the term: "Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of such surrender, and it is not essential to its application that prejudice results to the party in whose favor the waiver operates." *United States Fidelity & Guaranty Co.* v. *Miller,* 237 Ky. 43, 47, 34 S. W. (2d) 938. (See also *Sheldon* v. *Horton,* 43 N. Y. 93, 97, 3 Am. Rep. 669; *Schuetz* v. *Harvester Co.,* 167 Iowa 634, 149 N. W. 855, 858; *Somers* v. *Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713, 717; *Stapleton* v. *Dismukes,* 43 Ga. App. 611, 159 S. E. 768, 772.) "Estoppel," on the other hand, *i.e.,* estoppel *in pais,* must be distinguished from waiver. It depends for its application upon the assumption of inconsistent positions operating irrespective of intention to the prejudice of another who has acted in reliance thereon. (21 C. J., tit. Estoppel § 205, p. 1202.) A person may by his acts or conduct irrespective of his intentions estop himself from asserting a known right where another in reliance thereon has altered his position to his prejudice and, while all of the elements of technical estoppel need not be present, the doctrine is uniformly accepted that "a person, with full knowledge of the facts shall not be permitted to act in a manner inconsistent

with his former position or conduct to the injury of another." 67 C. J., tit. Waiver § 2, p. 294. (*Pabst Brewing Co.* v. *Milwaukee*, 126 Wis. 110, 105 N. W. 563.) Where a waiver relied upon is implied from the conduct of a party, irrespective of what his actual intentions may have been, the principles of estoppel and not of waiver control. "In strictness, the term 'waiver' is used to designate the act, or the consequences of the act, of one side only, while the term 'estoppel' (*in pais*) is applicable where the conduct of one side has induced the other to take such a position that he will be injured if the first be permitted to repudiate his acts." *McCormick* v. *Orient Insurance Co.*, 86 Cal. 260, 262, 24 Pac. 1003. "Waiver belongs to the family of estoppel, in a sense, and yet an estoppel in pais has connections that are no kin to waiver. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do. Estoppel may carry the implication of fraud; waiver * * * does not." *Kennedy* v. *Manry*, 6 Ga. App. 816, 819, 66 S. E. 29. "A waiver is an intentional relinquishment of a known right. An estoppel of the description relied on in this case can be maintained only on the ground that, by the fault of one party, another has been induced innocently and ignorantly to change his position for the worse, in such a manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy." *Shaw* v. *Spencer*, 100 Mass. 382, 395, 97 Am. Dec. 107.

Appellant does not claim that the appellees expressly waived the conditions imposed by them upon the delivery of the note in question. She, however, insists that appellees impliedly waived such condition or if not, are by their acts and conduct estopped from asserting its continued existence. In our opinion the assertion by the makers of the note in the partition proceedings that Lily

Hewahewa prior to such proceedings had conveyed to Solomon K. Lalakea all of her interest, whether in possession or expectancy, in the property involved in the partition proceedings and that her appearance in said partition proceedings as a contingent remainderman expectant was improper and that she had no interest in the property involved in the proceedings, conceding them to be in conflict with the express findings of this court, did not evince an intention on their part to waive the condition with which the delivery of the note was impressed nor are they by their acts and conduct estopped from urging the defense of conditional delivery.

The agreement under the terms of which the quitclaim deed and note were executed was in parol. Evidence of the terms of this parol agreement was admitted without objection. That pertaining to conditional delivery of the note was clearly competent. Whether or not the evidence so far as it referred to the circumstances of the execution of the quitclaim deed was erroneously received, we do not pretend to say. Adopting the theory upon which the case was tried and assuming this evidence to have been properly admitted, it is apparent that the sole purpose of the deed of December 17, 1932, was to vest in the grantee the interest of the grantor in the estate of her father. On its face it is absolute and unconditional. It contains no conditions, limitations or reservations of any kind whatsoever upon the estate conveyed. Its delivery was absolute. Solomon K. Lalakea and his wife in their amended petition in the partition proceedings alleged that their source of title to the premises in suit was by descent from T. K. Lalakea, deceased intestate, and by purchase from all of the other heirs of T. K. Lalakea. The deed of December 17, 1932, was used by the grantee in the same proceedings as one of his muniments of title in fee simple in the interests in lands described in the deed of March 6, 1915.

The trial judge declared the deed of March 6, 1915, invalid. If invalid, Lily Hewahewa had by her deed of December 17, 1932, conveyed to her brother Solomon prior to the commencement of the partition proceedings all of her interest, whether in possession or expectancy, in the property involved in the partition proceedings and her appearance therein as a contingent remainderman expectant under the deed of March 6, 1915, would be improper and she would have no interest in the property involved in the partition proceedings. It was not until later, upon the reversal by this court of the findings of the trial judge upon the validity of the deed of March 6, 1915, that the propriety of the continued assertion by the petitioners of the lack of interest of Lily Hewahewa became questionable. But the petitioners did not acquiesce and have not up to the present time acquiesced in the conclusion of this court. On the contrary the partition proceedings are still pending and the petitioners are appellants in this court from the final decree of the circuit judge. Moreover, the final decree of this court in the partition proceedings when finally entered is subject to appeal. And until a decree of a court of final resort determining the issues involved in the partition proceedings, the petitioners are entitled to insist that the decree of the trial judge finding the deed of March 6, 1915, to be invalid is correct. To the contrary of being inconsistent, the acts and conduct of the petitioners in the partition proceedings have been consistent not alone with the terms of the deed of December 17, 1932, but also with the purposes and objects of its execution and delivery. Nor can it be said that the makers of the note, by their acts and conduct, have estopped themselves from insisting upon the continued existence of the condition affecting delivery of the note. An essential element of estoppel, *i.e.*, prejudice, is lacking. Lily Hewahewa has not, by reason of the acts and conduct

of the makers of the note, altered her position to her prejudice in any particular. It must be borne in mind that a negotiable promissory note conditionally delivered to the payee, until the happening or performance of the condition upon which delivery depends, is ineffective as a legal obligation for the payment of money. The condition imposed upon delivery is a condition precedent to existence of the note as a contract. And until the happening or performance of the condition upon which its legal existence depended, Lily Hewahewa was not entitled to demand payment of the note. The condition upon which the delivery of the note depends has not occurred. So that as far as Lily Hewahewa, as the payee named in the note, is concerned, she was in the same identical position at the time of the institution of the within action as she had been at the time that the note was manually placed in her possession. Nor have the acts and conduct of the makers of the note caused her to change her position to her prejudice so far as her interest in her father's estate is concerned. It is beside the question to say that T. K. Lalakea died seized or possessed of property other than interests in lands. There is no evidence one way or the other upon the subject. Lily Hewahewa is in the same position, as far as her interests are concerned in lands of which her father died seized, as she was at the time of the execution of the deed of December 17, 1932. The deed of March 6, 1915, has been declared to be a valid conveyance of interests in lands. As such she is a contingent remainderman expectant in the interests in lands subject thereto. Our finding upon the validity of the deed of March 6, 1915, rendered the deed of December 17, 1932, ineffective. And until our conclusion is reversed by the decree of a court of last resort, Lily Hewahewa's interests under the March 6, 1915, deed and her interest in the estate of her father remain the same. Estoppel may be

invoked to prevent but not to inflict injustice. To hold at this time and prior to the final judicial determination of the validity of the March 6, 1915, deed that the acts and conduct of the makers of the note operated to create a legal obligation for the payment of money when none theretofore existed and none was intended to exist, would be to impose upon the makers of the note the obligation to pay the amount thereof as the consideration for a conveyance which, unless said deed of March 6, 1915, is judicially declared invalid, is ineffective as a transfer of any interest in the lands subject to said deed of March 6, 1915.

The exception to the finding of failure of consideration must, however, be sustained. It is true that the effect of our conclusion that the deed of March 6, 1915, was in all respects valid, if finally affirmed, renders the quitclaim deed of December 17, 1932, ineffective. And considered from the standpoint of the purposes it was intended to accomplish, if it is finally determined that the deed of March 6, 1915, is valid, there will be an absolute failure of title. But the ultimate legal effect of the deed of December 17, 1932, is not the criterion in determining the presence or absence of consideration for its execution. Whatever Lily Hewahewa's interests in the lands subject to the deed of March 6, 1915, as an heir of her father T. K. Lalakea were, constituted a sufficient consideration for their conveyance by way of quitclaim and hence the note had sufficient consideration for its support. (See *Kerney* v. *Gardner*, 27 Ill. 162, 169.) Under the circumstances the defendants were not entitled to judgment. At best the action on the note was premature. Where an action is brought prematurely the defendant is not entitled to judgment but merely to a dismissal of the action without prejudice. The contingency upon which the delivery of the note depends may ultimately occur, in which event the

condition precedent to the validity of the note will be removed and the note become effective as a legal obligation for the payment by the makers of the amount thereof.

Pursuant to the views herein expressed the exception to the finding of failure of consideration is sustained; all other exceptions alleged are overruled and the cause remanded for further proceedings consistent therewith.

*P. Silver* (*Cass & Silver* on the briefs) for appellant.

*T. M. Waddoups* (*W. B. Lymer* with him on the brief) for appellees.