LAWRENCE LII, Plaintiff-Appellant, *v.* SIDA OF HAWAII, INC., et al., Defendants-Appellees

No. 5106

February 4, 1972

RICHARDSON, C. J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* Appellant in this case made an untimely demand for jury trial in that the applicable rule provides for the demand to be made within ten days and appellant did not make such demand until nearly thirty days had elapsed. The case was heard without a jury and appellant

appeals, asserting that his right to a jury trial is constitutionally absolute.

The Seventh Amendment of the Constitution of the United States provides that:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.

Article I, Section 10, of the Constitution of the State of Hawaii provides:

In suits at common law where the value in controversy shall exceed one hundred dollars, the right of trial by jury shall be preserved. The legislature may provide for a verdict by not less than three-fourths of the members of the jury.

Our State statutes provide in HRS § 635-14 that:

Either party to a civil action may demand a trial by jury by a written document filed in court within ten days after the case is at issue; provided, however, that if no such demand shall be made for a trial by jury parties to the cause shall be deemed to have waived trial by jury.

The applicable rules of the Hawaii Rules of Civil Procedure provide:

Rule 38(b) DEMAND. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue.

. . . .

Rule 38(d) WAIVER. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury.

We have in the past addressed ourselves to the relation between the Seventh Amendment and the above sections

of the Hawaii Constitution and Hawaii Rules of Civil Procedure.

The seventh amendment jury trial requirement is not binding upon the states. Bartholomew, *The Gitlow Doctrine Brought Down to Date*, *II*, 54 A.B.A.J. 785, 787 (1968). *See, e.g.*, *Pearson v. Yewdall*, 95 U.S. 294 (1877). The decision in the instant case, therefore, rests on the interpretation of the Constitution of Hawaii, its statutes, and its rules of procedure. However, since the Hawaii constitutional provision and rule of procedure were patterned after the Federal Constitution and Rules, the interpretation of those provisions by the federal courts are deemed to be highly persuasive in the reasoning of this court.

*Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968).

It was early held by the United States Supreme Court that the right of jury trial may be waived. *Kearney v. Case*, 79 U.S. (12 Wall.) 275, 281 (1870). Speaking of this same principle, this court in *Seong v. Trans-Pacific Airlines, Ltd.*, 41 Haw. 231, 240 (1955), has held that:

We recognize that "the constitutional right to a jury trial in civil cases is a mere privilége, and as such is capable of being waived." *(U.S. v. National City Bank*, 281 Fed. 754, 757.) "It is well-settled that such right may be waived in civil cases, and that it may be waived by actions or conduct as well as expressly * * *." *(Ah Hing v. Ah On*, 15 Haw. 59, 60; *First Trust Co. of Hilo, Ltd. v. Cabrinha*, 24 Haw. 777.) "It seems, therefore, that both by express agreement in open court, and by implied consent, the right to a jury trial could be waived." *(Kearney v. Case*, 12 Wall. [79 U. S.] 275, 282.) And this principle applies whether the failure to claim such right is intentional or inadvertent. *(Gulbenkian v. Gulbenkian*, 147 F. [2d] 173.)

We consider the right to a jury trial to be inviolate in the absence of an unequivocal and clear showing of a waiver of such right either by express or implied conduct. This

court will indulge every reasonable presumption against the waiver of such right. *Seong, supra,* 41 Haw. at 243. However, the mechanics constituting a reasonable regulation of the manner of exercising that right must be complied with for the right to be preserved. *(See* 5 MOORE'S FEDERAL PRACTICE. § 38.43 at 336.3 (1971) for similar interpretations of other states.) As stated in our statute and rules of procedure, *supra,* a demand for jury trial must be made within ten days after the service of the last pleading. This requirement was not met in this case. Such a failure in and of itself constitutes a waiver. *See Johnson v. Gardner,* 179 F.2d 114, 117 (9th Cir. 1949).

Pursuant to Rule 39(b)[1] of the Hawaii Rules of Civil Procedure, the trial court in its discretion may order a trial by jury where a party has failed to make a timely demand. Clearly, however, in the light of the record before us there is no abuse of discretion when, as in this case, the court denies a plaintiff's motion for a trial by jury, made subsequent to a failure to demand a jury within the time period prescribed by the applicable rule. *See Wilson v. Corning Glass Works,* 195 F.2d 825, 826-27 (9th Cir. 1952).

The other issues raised by appellant are without merit.

Judgment affirmed.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for plaintiff-appellant.

*Norman H. Suzuki* for defendants-appellees.

---

[1] In construing the federal counterpart of Rule 39(b), Hawaii Rules of Civil Procedure, it has been held that mere inadvertence or bare oversight in failing to make a demand for jury trial within the time allowed by the applicable rule for making such demand as of right are insufficient grounds upon which the court may exercise its discretion to grant a jury trial. E.g., Krussman v. Omaha Woodmen Life Ins. Soc., 2 FRD 3, 4 (E.D. Idaho 1941).