**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000050
21-APR-2025
09:06 AM
Dkt. 73 SO**

NO. CAAP-22-0000050

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIA ABELLO and TEANCUM, INC., Plaintiffs-Appellees, v.
KYLE K. KOPITKE, Defendant-Appellant; NATIONAL
KOREAN WAR MUSEUM, Defendant-Appellee;
and DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC101002183)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Kyle K. **Kopitke**, representing himself, appeals from the **Judgment** for Maria **Abello** and **Teancum**, Inc. and against Kopitke and National Korean War **Museum**, entered by the Circuit Court of the First Circuit on January 13, 2022.[1] We affirm.

Abello and Teancum sued Kopitke and Museum on October 13, 2010. The complaint alleged breach of contract, conversion, misrepresentation, fraud, and defamation. Kopitke, representing himself, filed a document titled *Response to Summons Answer to Complaint* on March 22, 2011. It stated, "I Kyle Kopitke deny the charges." Kopitke did not demand a jury trial. On June 14, 2011, Kopitke filed another document titled *Response to Summons Answer to Complaint*. It again denied "each and all charges." It also alleged Kopitke "was the President of the

---

[1] The Honorable Gary W.B. Chang presided.

[Museum's] Board of Trustees at the time listed in the complaint" and the exhibit attached to Abello's complaint "is not the contract I signed."  Kopitke did not demand a jury trial.

On December 6, 2011, the circuit court entered an order precluding Kopitke from representing Museum and entering Museum's default under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55(a). The record contains no appearance of counsel for Museum.

A jury-waived trial was held on October 2 and 3, 2012. Kopitke did not attend the trial.  Counsel for Abello and Teancum was to submit proposed findings of fact and conclusions of law. The proposed findings and conclusions were filed nine years later, on October 2, 2021.  The circuit court entered findings of fact, conclusions of law, and an order for entry of judgment on November 12, 2021.  The Judgment was entered on January 13, 2022. This appeal followed.

Kopitke's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  But to promote access to justice, we liberally interpret pleadings prepared by self-represented litigants and do not automatically foreclose them from appellate review because they violate court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Consistent with the supreme court's policy to reach the merits of an appeal, Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawaiʻi 81, 85-86, 97 P.2d 1107, 1111-12 (1999), we address what we ascertain to be Kopitke's arguments.

**(1)**  Kopitke argues he "was not afforded a right to jury trial."  He filed a 17-page document in circuit court on August 3, 2012.  It included a *Motion for Jury Trial*.  By minute order of August 24, 2012, the court denied the motion.  A copy of the minute order was mailed to Kopitke.  A written order denying the motion was entered on January 2, 2013.  We review for abuse of discretion.  Lii v. Sida of Hawaii, Inc., 53 Haw. 353, 355, 493 P.2d 1032, 1034 (1972).

2

Kopitke's motion stated, "I never waved [sic] my right to a jury trial, in fact I would like one.  I reassert my right to a jury trial granted under the Constitution."  HRCP Rule 38 allows a party to request a jury trial by serving a demand for one "not later than 10 days after the service of the last pleading directed to such issue," and says a party's failure to serve and file a demand for jury trial "constitutes a waiver by the party of trial by jury."  The last pleading directed to a jury trial was Kopitke's June 14, 2011 answer.  The deadline for him to demand a jury trial was June 24, 2011.  He waived his right to a jury trial because he did not file or serve a demand by that date.  See Lii, 53 Haw. at 355, 493 P.2d at 1034.  The circuit court acted within its discretion by denying the motion.

**(2)**  Kopitke argues he "was not allowed to appear via zoom or telephone which prevented [him] the right to introduce evidence, and cross examine witnesses."  We initially note that even if the Zoom video conference service existed in October 2012, it wasn't used by the Hawaiʻi Judiciary.

Kopitke's August 3, 2012 filing included a *Motion to Appear by Telephone During Trial*.  It stated, "Due to health issues I am unable to travel to Hawaii."  The circuit court denied the motion in its August 24, 2012 minute order, which was mailed to Kopitke.  A written order denying the motion was entered on January 2, 2013.  We review for abuse of discretion. Tamman v. Tamman, No. CAAP-13-0000109, 2015 WL 9594740, at *4 (Haw. App. Dec. 31, 2015) (mem. op.).

The circuit court's order stated, "In light of the contentious issues of fact in this case, it would be extremely disruptive and inefficient for a party to conduct a trial by telephone."  The court had inherent power to control the litigation process.  See Tamman, 2015 WL 9594740, at *4 (noting "the Family Court properly exercised its inherent power to control the litigation process and promote a fair process by requiring [defendant] to appear in person for trial.").  Moreover, Kopitke offered no evidence showing what "health

3

issues" prevented him from traveling to Hawai'i for the trial. He offered no other reason supporting his motion. On this record, the circuit court acted within its discretion by denying the motion.

**(3)** Kopitke argues, "the Contract between the parties was forged by [Abello]. [Kopitke] submitted to the court clear and convincing data showing the contract was forged by [Abello]. . . . [The trial judge] errored [sic] in not accepting evidence that the Contract between the parties was forged by [Abello]." Kopitke's brief does not cite to the record where the data or evidence on which he relies can be found. We are not obligated to search the record for information that should have been provided by Kopitke. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 480, 164 P.3d 696, 738 (2007) (citing Lanai Co., Inc. v. Land Use Comm'n, 105 Hawai'i 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions"). We note that Kopitke did not offer the evidence during trial, because he did not attend the trial.

We also note that on September 29, 2015 — almost three years after the trial — Kopitke filed a *Motion to Dismiss; Contract Fraud*. Attached to the motion were three versions of the contract, all dated May 1, 2003, and all notarized on June 27, 2003, by the same notary public.[2] The circuit court denied the motion by order entered on January 12, 2016. It ruled:

> Defendant Kopitke does not deny that he signed the contract. The differences between the three forms of the contract are all as to the form of the contracts and not as to their substance. In substance, all three versions of the contracts are identical. Therefore, the alleged fraud is

---

[2] Kopitke argued there was no notary seal on one version, but the handwritten notation "LS" appears on each document. The letters *LS* stand for the Latin phrase *locus sigilli*, which means "the place of or for the seal -> abbreviation *L.S.*" Merriam-Webster.com Dictionary, https://merriam-webster.com/dictionary/locus%20sigilli (last visited Apr. 17, 2025).

> immaterial because no version of the contract alters or
> changes the substance of any of the terms and conditions of
> the contract, or any of them.

The circuit court's finding that the different versions of the contract were substantively identical was neither clearly erroneous nor wrong. Kopitke cites no legal authority supporting his claim of fraud, nor did he specify whether he was arguing fraudulent inducement, constructive fraud, fraud in the factum, civil fraud, or some other fraud. We conclude the circuit court did not err by denying Kopitke's motion.

**(4)** Kopitke argues Abello's attorney "did not discuss filing judgment or findings of fact with [Abello]. Overstepped authority." He claims the circuit court "errored [sic] by not investigating that [Abello's] attorney did not discuss filing judgment or findings of fact with [Abello]." Kopitke did not raise this argument below. It is waived. Haw. Ventures, LLC, 114 Hawaiʻi at 500-01, 164 P.3d at 758-59. Even if it weren't, Kopitke makes no factual or legal argument to support his contention. HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

**(5)** Kopitke argues "the Judge accepted all of the Findings of Fact put forth by [Abello's] attorney even though they were false." We review findings of fact for clear error. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). Kopitke's brief doesn't quote the findings he claims are false or reference them in an appendix, as required by HRAP Rule 28(b)(4)(C). Nor does his brief explain what findings were false, or why. And Kopitke did not order the trial transcript for the record on appeal. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted). Without the trial transcript, we have no basis to conclude that any of

the circuit court's findings of fact were clearly erroneous. This point is waived. HRAP Rule 28(b)(7).

**(6)** Kopitke argues he "was acting as Chairman of the Board of Trustees and should have not been sued individually along with the museum. The standard is not to sue the Chairman of the Board." Kopitke's brief contains no factual or legal support for his argument. His point is waived.

**(7)** Kopitke argues Abello "was in violation of Rule 25; case should have been dismissed." Kopitke seems to refer to HRAP Rule 25(f), which requires that a self-represented litigant file a notice of any change in mailing address, telephone number, or electronic mail address and, if a registered Judiciary Electronic Filing System (**JEFS**) User, update his or her JEFS User account information, within 10 days of the change. HRAP Rule 25 does not apply to the circuit courts.

Abello's attorney moved to withdraw from representing her in this appeal on June 18, 2022. The motion provided Abello's last known mailing and email addresses and telephone number, as required by HRAP Rule 50(a). We granted the motion. A self-represented Abello filed her answering brief on July 28, 2022.[3] The answering brief shows Abello's mailing and email addresses and telephone number. Kopitke has the information necessary to communicate with Abello about this appeal and to conventionally serve her with his reply brief, had he filed one.

"The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. Kopitke has not furnished a sufficient record, nor has he shown any error. The

---

[3] Abello also filed the answering brief on behalf of Teancum. Abello is not an attorney, and cannot represent Teancum. Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979) ("[A] corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law."). We disregard the brief with respect to Teancum, and treat it as being in default of its answering brief.

Judgment entered by the circuit court on January 13, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, April 21, 2025.

On the briefs:

Kyle Kenley Kopitke,
Self-represented
Defendant-Appellant.

Maria Abello,
Self-represented
Plaintiff-Appellee,
and Teancum, Inc.,
Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge