22 P.3d 965

**Dorothy Susan HALL, Plaintiff–Appellee–Respondent/Cross–Appellant,**

v.

**Bradley Ross HALL, Defendant–Appellant–Petitioner/Cross–Appellee.**

No. 22878.

Supreme Court of Hawai'i.

April 17, 2001.

Paul A. Tomar and Keith M. Yonamine, Honolulu, (of Ashford & Wriston) for defendant-appellant/cross-appellee/petitioner Bradley Ross Hall on the petition for writ of certiorari.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

*Opinion of the Court by LEVINSON, J.*

We granted the defendant-appellant-petitioner/cross-appellee Bradley Ross Hall's (Hall's) application for a writ of certiorari to review the Intermediate Court of Appeals' (ICA's) published opinion in *Hall v. Hall,* 96 Hawai'i 105, 26 P.3d 594 (App.2001) (the "ICA's opinion"). The ICA's opinion reversed the family court's September 30, 1999 order granting Hall's motion for extension of time to file a notice of appeal, and, as a consequence, dismissed Hall's appeal of the family court's June 30, 1999 order granting in part and denying in part his motion for post-decree relief for lack of appellate jurisdiction. Hall argues that the ICA erroneously applied the *de novo* standard of review to the family court's grant of a Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(5) (1999) [1] motion for extension of time to file a notice of appeal. We agree with Hall that

---

1. HRAP Rule 4(a)(5) (1999) provided in relevant part:

    The court ... appealed from, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion actually filed not later than thirty days after the expiration of the time prescribed

    by ... this Rule 4. Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties[.]

the applicable standard of review is the abuse of discretion standard. However, we hold that, inasmuch as the family court abused its discretion when it granted Hall's motion for extension of time, the ICA did not err in reversing the family court's September 30, 1999 order and dismissing Hall's appeal. Accordingly, we vacate the ICA's opinion in part, specifically, the portion of the opinion entitled "Standard of Review." We leave the remainder of the ICA's opinion undisturbed, and we affirm the ICA's disposition of the case.

The parties were divorced on June 13, 1997. The divorce decree awarded the plaintiff-appellee-respondent/cross-appellant Dorothy Susan Hall sole physical custody of the parties' children, child support, and alimony. On August 24, 1998, Hall filed a motion for post-decree relief, in which he sought termination of the alimony, modifications of child support, and implementation of a child custody evaluators' recommendations. The family court bifurcated the visitation/custody issues. On June 30, 1999, the family court filed an order denying termination of the alimony and partially granting modifications of child support.

On July 30, 1999, the family court received Hall's *ex parte* motion for an extension of time to file a notice of appeal, which, however, was not filed until August 3, 1999 and was subsequently denied. Hall sought an extension primarily on the ground that he was exploring alternatives to an appeal through mediation and negotiation. On August 26, 1999, Hall filed a noticed motion for an extension of time to file a notice of appeal. In support of the motion, Hall's counsel averred that he had erroneously believed that his prior *ex parte* motion would be granted. This belief stemmed from (1) counsel's experience in several instances during his career in family law when such motions had been granted and (2) the fact that the family court judge who had ruled on the motion for post-decree relief had indicated that the case presented an excellent appealable issue. Hall's

counsel further averred that he had decided to seek an extension of time in lieu of filing a notice of appeal because he hoped to find an alternative to the costly and time-consuming process of appeal. He asserted that, for these reasons, his failure to file a notice of appeal constituted "excusable neglect." On September 30, 1999, the family court orally granted the motion, finding that "there was actually a kind of misunderstanding of what was going on" and that "there's been excusable neglect." An order granting the motion was filed on the same day, directing Hall to "file a notice of appeal promptly." Hall did so on October 4, 1999.

As the ICA recognized in its opinion, "[a]n appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." ICA's opinion, at 110, 26 P.3d 599 (quoting *Bacon v. Karlin*, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)). The ICA also correctly recognized that, inasmuch as the filing of a timely notice of appeal was "within the control of the movant," Hall's motion for extension of time could only be granted upon a showing of "excusable neglect." ICA's opinion, at 110–111, 26 P.3d 599–600 (citing *Enos v. Pacific Transfer & Warehouse, Inc.*, 80 Hawai'i 345, 352–53, 910 P.2d 116, 123–24 (1996)). In fact, Hall effectively conceded as much in his motion by characterizing his conduct that led to the missing of the deadline for filing a notice of appeal as "excusable neglect."

However, in the "Standard of Review" section, the ICA's opinion reasoned as follows:

As *Enos* indicates, whether the question of "excusable neglect" is a question of fact, or a question of law, or a matter of discretion has not been clearly answered. In our view, because there can be only one right answer to the question whether counsel's "neglect" was "excusable," it is a question of law. Therefore, the standard of appellate review is the right/wrong standard.

---

Effective January 1, 2000, HRAP Rule 4 was amended and its subsections renumbered. As a part of the reorganization, the substance of the old HRAP Rule 4(a)(5) was redesignated as HRAP Rule 4(a)(4).

ICA's opinion, at 111, 26 P.3d 600. In doing so, the ICA misconstrued *Enos*.

*Enos* holds that a trial court's decision to grant an HRAP Rule 4(a)(5) (1999) (now HRAP Rule 4(a)(4), *see supra* note 1) motion on the grounds of excusable neglect is reviewed on appeal for abuse of discretion. The *Enos* court stated:

> We ... review the trial court's grant of [defendant's] motion to extend time for filing a notice of appeal ... for an abuse of discretion. *Wiegand v. Colbert*, 68 Haw. 472, 718 P.2d 1080 (1986). Initially, however, we consider *de novo* the trial court's interpretation of HRAP Rule 4(a)(5). *See State v. Ramela*, 77 Hawai'i 394, 395, 885 P.2d 1135, 1136 (1994).

*Enos*, 80 Hawai'i at 349, 910 P.2d at 120.

The trial court in *Enos* appeared to have applied both the "good cause" and "excusable neglect" standards in ruling upon the motion before it. Reviewing that part of the trial court's decision *de novo*, we held in *Enos* that

> when considering a motion brought pursuant to HRAP Rule 4(a)(5), the trial court must first determine the cause of the delay in filing the notice of appeal. If that cause is beyond the movant's control, the motion may be granted upon a showing of "good cause." If the cause of the delay is some mistake or inadvertence within the control of the movant, the motion may be granted only upon a showing of "excusable neglect."

*Id.* at 352, 910 P.2d at 123. Because the trial court in *Enos* did not enter a specific finding as to the cause of the defendant's failure to timely file a notice of appeal, we reviewed the record and determined that

> [t]he only cause that can be discerned ... for the failure to timely file the notice is, as [counsel] himself attested in his affidavit, "that he in good faith believed and still believes that, under the circumstances, entry of judgment did not take place until May 4." Because this was clearly within the control of the would-be appellant, only the "excusable neglect" standard, and not the "good cause" standard, is applicable to this case. Therefore, the issue before us is whether the trial court abused its discretion in finding that [counsel's] neglect in failing to timely file a notice of appeal was "excusable."

*Id.* at 353, 910 P.2d at 124.

Thus, we ruled in *Enos* that, as a matter of law, "only plausible misconstruction, but not mere ignorance, of the law or rules rises to the level of excusable neglect." *Id.* (citations and internal quotation marks omitted). Applying the abuse of discretion standard to the circumstances of the case, together with the foregoing legal principles, we held in *Enos* that "the circuit court's conclusion that there was 'excusable neglect' is legally and factually unsupportable" and that, therefore, "the trial court abused its discretion by granting the motion to extend time for filing a notice of appeal because the failure to timely file the appeal was caused by counsel's failure to read and comply with the plain language of the applicable procedural rules, which cannot constitute 'excusable neglect.'" *Id.* at 355, 910 P.2d at 126.

Similarly, in the present matter, the record reveals that "[t]he only cause that can be discerned ... for [Hall's] failure to timely file the notice" of appeal, *see id.* at 353, 910 P.2d at 124, was Hall's counsel's purported confusion or misunderstanding regarding the likely outcome of his *ex parte* motion for an extension of time. His leap of faith that the *ex parte* motion would be granted under the rule is analogous to a misinterpretation of a rule when "[t]he language is crystal clear," which we held in *Enos* to be "a failure to follow the plain language of the rule rather than plausible misconstruction." *Id.* at 354, 910 P.2d at 125. As the ICA's opinion observed, "in light of the express provision in the rule that a court '*may* extend the time for filing a notice of appeal,' ... counsel's belief that his motion for an extension of time *would* be granted was an unreasonable belief and not excusable." ICA's opinion, at 111–112, 26 P.3d 600–601 (emphases added). Accordingly, the family court abused its discretion in construing Hall's counsel's conduct as "excusable neglect."

For the foregoing reasons, we vacate the section entitled "Standard of Review" of the ICA's opinion and affirm (1) the reversal of

the family court's September 30, 1999 order granting Hall's motion for extension of time to file a notice of appeal and (2) the dismissal of Hall's appeal of the family court's June 30, 1999 order.