**Electronically Filed
Supreme Court
SCWC-18-0000071
14-JAN-2021
09:07 AM
Dkt. 15 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE
FOR PRETIUM MORTGAGE ACQUISITION TRUST,
Respondent/Plaintiff-Appellee,

vs.

TERRENCE RYAN and LUCILLE RYAN,
Petitioners/Defendants-Appellants,

and

FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC,
Respondents/Defendants-Appellees.

_____

SCWC-18-0000071

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000071; CAAP-18-0000312; CAAP-18-0000388;
CIV. NO. 5CC121000306)

JANUARY 14, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ.,
AND CIRCUIT JUDGE TONAKI, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY McKENNA, J.

## I.   Introduction

This certiorari proceeding arises out of an appeal from a foreclosure judgment. In their certiorari application, Terrence Ryan ("Terrence") and Lucille Ryan ("Lucille") (collectively, "the Ryans") present the following question:

> Did the Intermediate Court of Appeals ("ICA") commit grave errors of law and/or fail to reconcile obvious inconsistencies in its decision with those of the Hawaii Supreme Court when the ICA concluded that the Circuit Court did not abuse its discretion by denying the moving party's motion to extend time to file notice of appeal where the moving party affirmatively inquired directly with the Circuit Court about when the order was filed, and the Circuit Court staff provided incorrect information to the moving party leading the moving party to believe that the thirty days to file the notice of appeal had not yet begun tolling?

We hold as follows: (1) Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 4(a)(4)(B)[1] motions to extend time for filing a notice of appeal are not properly filed as ex parte motions; (2) the Rules of the Circuit Courts of the State of Hawaiʻi ("RCCH")

---

[1]     HRAP Rule 4(a)(4)(B) provides as follows:

> (4)   Extensions of Time to File the Notice of Appeal.
>
> . . . .
>
> (B) Requests for Extensions of Time After Expiration of the Prescribed Time. The court or agency appealed from, upon a showing of excusable neglect, may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past the prescribed time. Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court . . . appealed from.

Rule 7.2(g)(5)(A)[2] provision purportedly disallowing appellate review of decisions on motions to advance hearings is inapplicable to decisions on HRAP Rule 4(a)(4)(B) motions, pursuant to HRAP Rule 2.1(a) (2010); (3) under the circumstances of this case, the Ryans' motion to advance the hearing on their February 2, 2018 HRAP Rule 4(a)(4)(B) hearing motion should have been granted; (4) the Ryans established "excusable neglect," and their HRAP Rule 4(a)(4)(B) hearing motion should have been granted; and (5) thus, the Ryans' February 6, 2018 notice of appeal was effective as to all issues on appeal over which the Intermediate Court of Appeals ("ICA") has appellate jurisdiction based on the Ryans' timely appeal of the December 8, 2017 order denying reconsideration of the order granting summary judgment and foreclosure judgment.[3]

---

[2]     RCCH Rule 7.2(g)(5)(A) provides in relevant part as follows:

> (5) Motion to Shorten Time for, Advance, or Reschedule Hearing.
>
> > (A) A motion to shorten time for hearing or motion to advance hearing shall . . .  cite the authority and state the reason(s) and factual or other basis for the request.  . . . .  The assigned judge may grant or deny the motion, and such grant or denial shall not be subject to review or reconsideration.  . . . .

[3]     See text accompanying infra note 18.  With respect to the February 6, 2018 notice of appeal in CAAP-18-0000071, this opinion only addresses the procedural rulings, issues (4) and (5), over which the ICA ruled appellate jurisdiction existed.  We express no opinion on the merits of the remaining issues.  We also address the issues raised in CAAP-18-0000312 and CAAP-18-0000388, as explained below.  Only issues (1) to (3) in CAAP-18-0000071, however, remain for consideration by the ICA on remand.  Id.

We therefore vacate the ICA's May 7, 2020 judgment on appeal and remand this case to the ICA for further proceedings consistent with this opinion.

## II. Background

### A. Factual background

On or about February 20, 2009, the Ryans executed a promissory note in the principal amount of $625,000 in favor of Bank of America, N.A. ("Bank of America"). To secure payment, the Ryans executed a mortgage encumbering real property located in Kalāheo, Hawai'i. The Ryans apparently failed to make timely payments then failed to cure the default despite Bank of America's written notice regarding its intent to accelerate the loan and to foreclose.

### B. Procedural background

#### 1. Circuit court proceedings

##### a. Complaint, foreclosure judgment

On October 30, 2012, Bank of America filed a foreclosure complaint against the Ryans in the Circuit Court of the Fifth Circuit ("circuit court").[4] Between November 7, 2012, and April 1, 2013, Bank of America attempted to personally serve the Ryans with the complaint in Kalāheo and in Washington State. After the circuit court authorized service by certified mail, Terrence

---

[4] The Honorable Kathleen N.A. Watanabe presided.

4

was served on March 13, 2015, and Lucille was served on March 19, 2015, at different locations within Washington State.

On March 23, 2015, the Ryans filed a pro se motion for a 120-day extension of time to respond to the complaint ("answer extension motion").  On April 7, 2015, the circuit court legal documents branch informed the Ryans that the motion was deficient because it did not include a case type in the caption, was filed without a case type and/or case number, and there was no order submitted at the time of filing.  That same day, the Ryans responded to the memorandum, providing a case type and a case number, but did not include an order.

Through several assignments and orders of substitution starting on May 9, 2013, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington"), substituted as plaintiff effective December 22, 2016.

On April 27, 2017, at Wilmington's request, the circuit court clerk entered defaults against the Ryans for their failure to plead or otherwise defend.[5]  Then, on June 21, 2017, Wilmington filed a summary judgment motion for foreclosure.

---

[5]    Hawai'i Rules of Civil Procedure ("HRCP") Rule 55 (2000) states in relevant part:

> **(a) Entry.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact
>
> (continued. . .)

On July 21, 2017, despite the April 27, 2017 entry of default, the circuit court filed an order granting the Ryans' March 23, 2015 answer extension motion, but which stated: "THIS MATTER is before the court upon [the Ryans'] Motion for an Extension of Time to Answer Plaintiff's Complaint for an additional 120 days (July 21, 2015) from the date of filing of this motion."[6]

On August 31, 2017, the Ryans, now represented by counsel, filed a memorandum in opposition to the summary judgment motion for foreclosure.

At the September 5, 2017 hearing on the summary judgment motion, the circuit court noted the April 27, 2017 entry of default and granted Wilmington's motion.  On September 20, 2017, the circuit court entered its findings of fact, conclusions of

---

(. . .continued)
    is made to appear by affidavit or otherwise, the clerk
    shall enter the party's default.

[6]    In a letter dated July 21, 2017, Janis N. Efhan, the Courts Documents Supervisor, apologized to the Ryans for the delay in processing the answer extension motion, explaining:

    Our office recently re-sent this document to the
    judge for review and signature.  Since no copies were
    provided with your order, we are providing you 2 courtesy
    certified copies.  Please assure, you serve opposing party
    said document to assure they are aware of the decision of
    the court.  When submitting documents in the future, please
    provide original and copies enough for serving opposing
    party(ies) and your records.
    Lastly an apology for delay in the processing of
    document.  This document was provided to the court for
    review and signature when it was first sent.  For
    unforeseen reasons, the[] document was not acted upon in a
    timely manner.

law, and order granting summary judgment ("foreclosure order"), as well as its foreclosure judgment.

### b.    Motion for reconsideration

On September 29, 2017, the Ryans moved for reconsideration of the foreclosure order and judgment ("foreclosure reconsideration motion").  The Ryans requested an opportunity to answer the complaint and to be reheard on the summary judgment motion.  On October 9, 2017, Wilmington responded, arguing the Ryans failed to set forth any basis for setting aside the entry of default or the grant of summary judgment.

### c.    Denial of reconsideration motion

On October 20, 2017, the circuit court's law clerk emailed the parties' counsel, stating: "Based on your respective pleadings, arguments, and authorities cited, the court is DENYING [the foreclosure reconsideration motion].  The court requests that [Wilmington's counsel] prepare the order and submit it within two (2) weeks."

On November 9, 2017, Wilmington's counsel emailed and mailed the proposed order denying the foreclosure reconsideration motion to the Ryans' counsel.  On November 13, 2017, the circuit court's judicial assistant emailed Wilmington's counsel asking for a status update regarding the order.  Wilmington's counsel responded that the proposed order had been sent to the Ryans' counsel but that it would be

7

submitted to the circuit court in accordance with RCCH Rule 23 (2010)[7] if the Ryans' counsel did not approve it as to form.  On November 20, 2017, Wilmington filed a RCCH Rule 23 notice of submission of the proposed order with a certificate of service on the Ryans' counsel.  In the certificate of service, Wilmington's counsel expressly stated, "The undersigned hereby certifies a copy of the foregoing Order will be duly served upon the below parties at their respective addresses by U.S. Mail, postage prepaid, when filed copies are received by this office[.]"

---

[7]    RCCH Rule 23(b) provides:

> **(b) Party Approval or Objection to Form; Delivery to Court.**  If there is no objection to the form of a proposed judgment, decree, or order, the other parties shall promptly approve as to form.  If a proposed judgment, decree, or order is not approved as to form by the other parties within 5 days after a written request for approval, the drafting party shall deliver, by filing conventionally or electronically, the original and 1 copy to the court along with notice of service on all parties and serve a copy thereof upon each party who has appeared in the action.  If any party objects to the form of a proposed judgment, decree, or order, that party shall, within 5 days after service of the proposed judgment, decree, or order, serve upon each party who has appeared in the action and deliver to the court, either conventionally or through electronic filing:
>
> > (1) A statement of objections and the reasons therefor, and
> >
> > (2) The form of the objecting party's proposed judgment, decree, or order.
>
> In such event, the court shall proceed to settle the judgment, decree, or order.  Failure to file and serve objections and a proposed judgment, decree, or order shall constitute approval as to form of the drafting party's proposed judgment, decree, or order.

The circuit court filed its order denying the foreclosure reconsideration motion ("order denying foreclosure reconsideration") on December 8, 2017.  Despite the previous certification from Wilmington's counsel, as well as the Hawai'i Rules of Civil Procedure ("HRCP") Rule 5 (2000) requirement of service of "[e]very order required by its terms to be served," Wilmington did not serve a file-stamped copy of the December 8, 2017 order denying foreclosure reconsideration on the Ryans' counsel until February 26, 2018.

### d.    Ryans' attempts to extend time to appeal

Based on the December 8, 2017 filing of the order, the initial thirty-day deadline for filing a notice of appeal[8] or a

---

[8]     HRAP Rules 4(a)(1) and (3) provide in relevant part:

Rule 4.  Appeals -- When Taken.

**(a) Appeals in civil cases**.

(1) <u>Time for filing</u>.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.
. . . .
(3) <u>Time to appeal affected by post-judgment motions</u>.  If any party files a timely motion . . . to reconsider, alter or amend the judgment or order, . . . then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. . . . .
The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
. . . .

HRAP Rule 4(a)(4)(A)[9] motion to extend time for filing an appeal was to expire on January 8, 2018.  The Ryans did not file a notice of appeal or a HRAP Rule 4(a)(4)(A) motion by January 8, 2018.

After the initial thirty-day deadline for filing a notice of appeal expires, HRAP Rule 4(A)(4)(B) allows a party to file a motion to extend the deadline for another thirty days based on "excusable neglect."[10]  For the Ryans, this second thirty days for filing a motion to extend based on "excusable neglect" began on January 9, 2018, and was to end on February 7, 2018, which was also the deadline for filing a notice of appeal if a thirty-day extension was granted pursuant to HRAP Rule 4(a)(4)(B).

On January 26, 2018, the Ryans submitted an ex parte motion for a thirty-day extension to file a notice of appeal ("ex parte extension motion"), citing HRAP Rule 4(a)(4)(B) and RCCH Rule

---

[9]    HRAP Rule 4(a)(4)(A) provides:

> (4)    Extensions of Time to File the Notice of Appeal.
>
> > (A) Requests for Extensions of Time Before Expiration of the Prescribed Time.  The court or agency appealed from, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed within the time prescribed by subsections (a)(1) through (a)(3) of this Rule.  However, no such extension shall exceed 30 days past such prescribed time.  An extension motion that is filed before the expiration of the prescribed time may be ex parte unless the court . . . otherwise requires.

[10]    See supra note 1.

7.2(f) (2014).[11]  They contended the appeal deadline should be extended for thirty days beyond the initial thirty-day deadline because they did not discover until January 25, 2018, that the order denying foreclosure reconsideration had been filed on December 8, 2017.

Attached to the Ryans' ex parte extension motion were declarations from attorney Matthew K. Yoshida ("Yoshida") and legal assistant Jessica Taiatini ("Taiatini").  Yoshida and Taiatini averred under penalty of perjury as follows.  After being informed that the circuit court would be denying the foreclosure reconsideration motion, they checked Hoʻohiki[12] approximately once per week for the status of the order.  They did not notice any change to Hoʻohiki "for some time," so, on

---

[11]    RCCH Rule 7.2(f) provides:

> **(f) Ex parte motions**.  A motion entitled to be heard ex parte shall:
>
>       (1)  cite the statute, rule, or other authority authorizing the court to entertain the motion ex parte;
>       (2) be supported by an affidavit or declaration stating the reason(s) for filing the motion ex parte, the efforts made to notify parties, and, if the motion is to shorten time or advance a hearing pursuant to subsection (g)(5) of this Rule, the efforts made to obtain a stipulation or response from the other parties in the case or the reason(s) why no attempt was made;
>       (3)  be accompanied by a proposed order; and
>       (4)  be served on the date that the motion was presented to the court.

[12]    Until circuit court civil cases were migrated into the eCourt Kokua on-line filing system effective October 28, 2019, the Hoʻohiki system provided online access to information in circuit court civil cases, such as documents filed, proceedings scheduled, and minutes of past proceedings.

11

January 2, 2018, Taiatini called the circuit court's chambers to ask about the status of the order. A member of the circuit court staff told Taiatini that "the order was not entered, that the order might be on [the judge's] desk, that [the judge] was out at the time, and that they will follow up on the following Monday." On January 25, 2018, however, the Ryans noticed a new entry in Ho'ohiki indicating an order denying the foreclosure reconsideration motion had been filed on December 8, 2017. Relying on the information provided by a circuit court staff member over the phone on January 2, 2018, however, they had believed the order had not been filed as of that date.

Although the January 26, 2018 motion was filed ex parte, a certificate of service was attached as required by RCCH Rule 7.2(f)(4),[13] certifying that a copy of the motion was being mailed to Wilmington's counsel. It appears Wilmington's counsel received the motion because a memorandum in opposition was filed on January 30, 2018.

In its memorandum in opposition, Wilmington maintained the Ryans' reliance upon the circuit court staff's representations did not constitute "excusable neglect," citing to Bank of Hawaii v. Shaw, 83 Hawai'i 50, 924 P.2d 544 (App. 1996).[14] Wilmington

---

[13]    See supra note 11.

[14]    In Shaw, the appellant missed the ten-day jury demand deadline under the District Court Rules of Civil Procedure Rule 38(b), and argued that his
                                                                    (continued. . .)

also contended the Ryans failed to address Wilmington's alleged service of the December 8, 2017 order denying foreclosure reconsideration.[15]  Wilmington also argued the Ryans did not explain why they failed to follow up with Wilmington regarding the filing status of the order.

Wilmington also maintained the motion was procedurally improper because HRAP Rule 4(a)(4)(B) required the Ryans to give Wilmington notice and that the Ryans' failure to do so violated RCCH Rule 7.2(f)(2).[16]  Wilmington's counsel's declaration indicated counsel was not informed of the Ryans' intent to file the ex parte motion.

On January 31, 2018, the circuit court filed the order denying the January 26, 2018 motion ("order denying ex parte extension motion").

---

(. . .continued)
reliance on a clerk's statement who told him that he had fourteen days to file his demand for a jury trial excused his failure to file within the deadline.  83 Hawai'i at 57, 924 P.2d at 551.  The ICA held that "[w]ithout the support of an adequate 'excuse,' [the appellant's] actions amounted to 'mere inadvertence or bare oversight' which, under Lii[ v. Sida of Hawaii, Inc., 53 Haw. 353, 53 Haw. 372, 493 P.2d 1032 (1972)], were declared insufficient grounds for a court to exercise its discretion to grant a jury trial."  Id.  Shaw is obviously distinguishable as the alleged representation by the court clerk was one of law, which counsel had the duty and opportunity to independently ascertain.  This case involves a representation of fact, and we discuss Shaw no further.

[15]     As noted, the record indicates Wilmington did not serve a file-stamped copy of the December 8, 2017 order denying foreclosure reconsideration until February 26, 2018.

[16]     See supra note 11.

13

After this denial, through an ex officio filing with the clerk of the appellate courts on February 2, 2018, the Ryans filed a motion for extension of time to file a notice of appeal as a hearing motion ("appeal extension motion"). This motion raised the same arguments and attached declarations as did the January 26, 2018 ex parte motion. The motion was stamped received by the circuit court on February 5, 2018, two days before the deadline for filing a HRAP Rule 4(a)(4)(B) motion and the appeal if the motion was granted.

Along with the appeal extension motion, the Ryans also submitted an ex parte motion to advance its hearing date ("motion to advance"), noting that a motion heard in the normal course would be ineffective. This motion was stamped "DENIED" and filed by the circuit court on February 6, 2018 ("order denying motion to advance"). After this denial, on February 9, 2018, a notice for hearing the appeal extension motion was filed, scheduling the hearing for March 6, 2018.

On February 2, 2018, the same day the Ryans filed the appeal extension motion as a hearing motion, the Ryans also filed a motion seeking reconsideration of the January 31, 2018 order denying ex parte extension motion ("reconsideration motion of ex parte appeal denial"), raising the same arguments made in their ex parte extension motion. In this motion, the Ryans also cited to King v. Elkayam, CAAP-16-0000209, 2016 WL 3762628, at

14

*7 (App. July 13, 2016) (order), which had noted that "[appellants] presented no reason for their failure, for example, to send a messenger to court to look up the relevant date, and we see no 'forces beyond their control,' -- at least on this record —- that prevented them from taking this eminently reasonable step."  (Alteration in original.)  The Ryans argued that, in contrast, they took the "eminently reasonable step" of contacting the circuit court directly, but were provided incorrect information by circuit court staff.[17]

On February 6, 2018, despite the circuit court's denials of their January 26, 2018 extension motion and their motion to advance the hearing date on their February 2, 2018 hearing motion, the Ryans proceeded to file a notice of appeal, in CAAP-18-0000071.  In this notice of appeal, the Ryans purported to appeal the circuit court's (1) September 20, 2017 foreclosure order; (2) September 20, 2017 foreclosure judgment; (2) December 8, 2017 order denying foreclosure reconsideration; (4) January

_____

[17]    The Ryans also contended the circuit court had delayed its order granting the answer extension motion for more than two years without providing any explanation or reason for the delay.  They also noted that despite the circuit court instructing Wilmington to "prepare the order and submit it within two (2) weeks[,]" Wilmington did not submit a proposed order to them for approval for three weeks or the proposed order to the circuit court for four weeks.  As such, the Ryans maintained the denial of their motion would be treating them more harshly than the circuit court treated itself and Wilmington.

15

31, 2018 order denying ex parte extension motion; and (5)

February 6, 2018 order denying motion to advance.[18]

On February 12, 2018, Wilmington filed an opposition to the

Ryans' February 2, 2018 reconsideration motion of ex parte

appeal denial.  Citing to HRAP Rule 4(a)(3),[19] Wilmington

asserted that because the Ryans filed their foreclosure

reconsideration motion on September 29, 2017, (1) the circuit

court had ninety days, or until December 28, 2017, to enter an

order disposing of the foreclosure reconsideration motion, and

---

[18]    With respect to the February 6, 2018 appeal in CAAP-18-0000071, this opinion only addresses the procedural issues in (4) and (5) over which the ICA ruled it had appellate jurisdiction.

[19]    HRAP Rule 4(a)(3) now provides in its entirety as follows:

> (3) Time to appeal affected by post-judgment motions.  If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.  The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed.  If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity.  The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.
>     The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
>     The 90-day period shall be computed as provided in Rule 26 of these Rules.

(2) the circuit court clerk had five days after December 28, 2017, which would have been January 2, 2018, to notify the parties that the foreclosure reconsideration motion was denied. Wilmington argued that the Ryans' assertion that they reasonably relied on the circuit court staff's representation on January 2, 2018, was flawed because if the circuit court did not enter the order by December 28, 2017, the foreclosure reconsideration motion would have been deemed denied and the circuit court clerk would have had to notify the parties that the motion was denied by January 2, 2018. Wilmington argued that if the Ryans had properly monitored their calendar, they would have noticed the ninetieth day had passed and the appeal deadline would begin.[20]

On February 26, 2018, Wilmington also filed an opposition to the February 2, 2018 appeal extension motion, reasserting the arguments it previously made. Wilmington also argued the Ryans failed to take reasonable steps to keep informed of the status of the December 8, 2017 order as they only called the circuit court once between October 20, 2017, when the circuit court informed the parties of the denial of the foreclosure reconsideration motion, and January 25, 2018, the date the Ryans asserted they learned of the filing of the December 8, 2017

---

[20]     However, there was no January 2, 2018 appeal deadline triggering notification from the circuit court clerk pursuant to HRAP Rule 4(a)(3), supra note 19, because the appeal filing deadline had already been triggered by the December 8, 2017 order denying motion for foreclosure reconsideration.

order.  Further, Wilmington noted the Ryans did not allege they tried to contact Wilmington's counsel or the circuit court a second time, or ask a messenger to check the circuit court's file to determine the status of the order.  Wilmington thus maintained a single phone call in three months did not constitute "eminently reasonable steps" justifying an extension to file a notice of appeal.

On March 8, 2018, the circuit court filed its order denying reconsideration motion of ex parte appeal.  On April 6, 2018, the Ryans filed their second notice of appeal, in CAAP-18-0000312, from the March 8, 2018 order.

At the March 6, 2018 hearing on the February 2, 2018 appeal extension motion, the parties rested on their written submissions, and the circuit court orally denied the motion.  On April 5, 2018, the circuit court entered its order denying this motion.  On May 4, 2018, the Ryans filed their third notice of appeal, in CAAP-18-0000388, from the April 5, 2018 order.

### 2.  ICA proceedings

On August 13, 2018, the ICA consolidated the three appeals.

#### a.  Opening brief

In their opening brief, in summary, the Ryans repeated their arguments below, asserting they were deprived of an opportunity to timely file a notice of appeal from the order denying foreclosure reconsideration because of the circuit court

18

staff's statements. They also asserted the circuit court abused its discretion by denying their request to advance the hearing on their February 2, 2018 appeal extension motion, effectively denying them leave to file their notice of appeal, especially when the circuit court had been lenient with Wilmington's and its own issues of timeliness.[21]

Newly attached to the Ryans' opening brief was a declaration from Yoshida dated June 20, 2018, raising matters not contained in the record on appeal. Yoshida averred that on February 5, 2018, at the request of the circuit court, Yoshida participated in a conference call with the circuit court and Wilmington's counsel, and in that conference call, (1) the circuit court stated it spoke to its staff about his representations, who stated they did not provide incorrect information and were upset by the way Yoshida portrayed them; (2) Yoshida apologized to the circuit court and its staff, but stood by his representations, particularly regarding Taiatini's statements regarding her call with circuit court staff on January 2, 2018, and (3) the circuit court asked Wilmington's counsel if Wilmington would stipulate to an extension of time, to which counsel indicated it was unlikely Wilmington would

---

[21]     The Ryans referred to the circuit court's grant of Wilmington's six ex parte motions for extension of time to serve the complaint, and nine ex parte motions for extension of time to file a pretrial statement; the Ryans argued that of those fifteen ex parte motions, eight were untimely.

agree to such a stipulation. Yoshida asserted that as a result of the conference call, he was left with the impression that the circuit court believed its staff over Taiatini. The Ryans argued that the circuit court abused its discretion as it "abandoned its position of neutrality by seeking out evidence outside the Court record."

### b. Answering brief

In its answering brief, Wilmington repeated its arguments below, and also maintained the Ryans' February 6, 2018 appeal was not timely as to substantive issues regarding the foreclosure. Wilmington also argued that despite Yoshida's declaration attached to the opening brief, the record did not contain any reference to the February 5, 2018 conference call. Wilmington alleged the Ryans' attempt to introduce such "evidence" by way of their declaration violated HRAP Rule 28(b)(10) (2016).[22]

---

[22]     HRAP Rule 28(b)(10) states in relevant part: **(b) Opening brief.** . . . . (10) . . . . Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule."

The occurrence of conference calls should be made part of a trial court record. Minutes routinely reflect the occurrence of off-the-record conferences with counsel, even if details of the conference are not included in the record. See Hawai'i Court Records Rules Rule 3.1 (2012) ("With respect to court records, the Clerk of each court shall maintain a record of each court case, including a docket, and shall maintain other records as required by statute or rule[]"); Hawai'i Revised Statutes ("HRS") § 606-8 (1993) ("A clerk shall attend and record the proceedings at all sittings of courts of record.").

The Ryans did not seek to have a February 5, 2018 conference call made a part of the record via stipulation pursuant to HRAP Rule 10(e)(2)(A) (2016). The circuit court did not make a call a part of the record pursuant to HRAP Rule 10(e)(2)(B) ("If anything material to any party is omitted from

(continued. . .)

20

### c. Reply brief

In their reply brief, the Ryans asserted that when parties make an inquiry with the court, the parties must be able to rely on the information the court directly provides them and must also be granted relief if the court provides incorrect information.

### d. ICA's memorandum opinion

In its April 9, 2020 memorandum opinion, the ICA rejected the Ryans' challenges.

With respect to the issues we address on certiorari, in CAAP-18-0000071, the ICA ruled as follows. Because the order denying foreclosure reconsideration was entered on December 8, 2017, the notice of appeal from the foreclosure order, judgment, and order denying foreclosure reconsideration was due on January 8, 2018. Ryan, mem. op. at 8. The ICA lacked jurisdiction to review the foreclosure order, judgment, and order denying foreclosure reconsideration because the Ryans did not file the first notice of appeal until February 6, 2018. Id. Although

_____

(. . .continued)
the record by error or accident or is misstated therein, corrections or modifications may be as follows: . . . (B) by the court . . . appealed from, either before or after the record is transmitted[.]"). Appellate courts are also authorized to modify the record based on HRAP Rule 10(e)(2)(C) ("by direction of the appellate court before which the case is pending on proper suggestion or its own initiative."). There was no "proper suggestion" and we decline to take the initiative to include a call as part of the record. The record on appeal therefore does not contain any denial of the Taiatini and Yoshida declarations regarding statements apparently made by a circuit court staff member on January 2, 2018.

21

the February 6, 2018 notice of appeal was filed within thirty days after entry of the February 6, 2018 order denying motion to advance, giving the ICA appellate court jurisdiction over that order, a trial court's ruling on a motion to shorten time for, advance, or reschedule a hearing is not subject to review or reconsideration.  Id. (citing RCCH Rule 7.2(g)(5)(A)).[23]  The ICA also had appellate jurisdiction over the January 31, 2018 order denying ex parte extension motion as the Ryans filed their February 6, 2018 notice of appeal within thirty days after entry of that order, which was immediately appealable.  Id. (citing Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003)).  HRAP Rule 4(a)(4), however, allows an ex parte motion for extension of time to file a notice of appeal only if the motion is filed before expiration of the original appeal deadline.  Ryan, mem. op. at 9.  Hence, the January 26, 2018 motion, which came after the January 8, 2018 appeal deadline expired, should not have been filed ex parte.  Id.

Thus, the ICA only addressed issues (4) and (5) in the February 6, 2018 notice of appeal on the merits, and it affirmed the circuit court's January 31, 2018 order denying ex parte extension motion and the February 6, 2018 order denying motion to advance.  Ryan, mem. op. at 8-9.  The ICA ruled it lacked

---

[23]    See supra note 2.

appellate jurisdiction over issues (1) through (3), which concerned substantive issues regarding the foreclosure.  Id.

As to CAAP-18-0000312, the ICA concluded that it had jurisdiction to review the Ryans' April 6, 2018 notice of appeal, which was filed within thirty days after entry of the March 8, 2018 order denying reconsideration of ex parte appeal extension denial.  Ryan, mem. op. at 10 (citing Tax Appeal of Subway Real Estate Corp. v. Dir. of Taxation, State of Haw., 110 Hawaiʻi 25, 30, 129 P.3d 528, 533 (2006)).  The ICA also affirmed the March 8, 2018 order on the grounds the January 26, 2018 motion was improperly filed ex parte and therefore reconsideration was properly denied.  Id.

With respect to CAAP-18-0000388, the ICA concluded that it had jurisdiction to review the Ryans' May 4, 2018 notice of appeal, which was filed within thirty days after entry of the April 5, 2018 order denying the Ryans' February 2, 2018 appeal extension motion.  Id.  The ICA ruled, however, that the Ryans failed to establish "excusable neglect" as required by HRAP Rule 4(a)(4)(B).  Id.  The ICA concluded the circuit court did not abuse its discretion by denying the motion to extend time to file notice of appeal and affirmed the circuit court's April 5, 2018 appeal extension denial.  Id.

### 3. Supreme court proceedings

#### a. Certiorari application

In their certiorari application, the Ryans present the following question:

> Did the Intermediate Court of Appeals ("ICA") commit grave errors of law and/or fail to reconcile obvious inconsistencies in its decision with those of the Hawaii Supreme Court when the ICA concluded that the Circuit Court did not abuse its discretion by denying the moving party's motion to extend time to file notice of appeal where the moving party affirmatively inquired directly with the Circuit Court about when the order was filed, and the Circuit Court staff provided incorrect information to the moving party leading the moving party to believe that the thirty days to file the notice of appeal had not yet begun tolling?

#### b. Response

In its response, in addition to repeating previous arguments, Wilmington addressed this court's opinion in Eckard Brandes, Inc. v. Department of Labor and Industrial Relations, 146 Hawai'i 354, 463 P.3d 1011 (2020), issued eleven days after the ICA's memorandum opinion. Wilmington argues that the Ryans failed to show "excusable neglect" even under the "new standard" of "excusable neglect" set forth in Eckard Brandes. Wilmington states that Eckard Brandes "made it clear that any determination regarding 'excusable neglect'" in HRAP Rule 4(a)(4)(B) should lie in the trial court's discretion. As such, Wilmington asserts that in a case like this, the circuit court should be given even greater latitude as the Ryans are alleging that the reason they missed the appeal deadline was due to the circuit

court staff's representations, and the circuit court would be "ideally suited" to determine whether the alleged representations prejudiced the Ryans.

### III. Standards of review

#### A.    Interpretation of court rules

"When interpreting rules promulgated by the court, principles of statutory construction apply." Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 255, 948 P.2d 1055, 1096 (1997). "The interpretation of a statute [or rule] is a question of law which this court reviews de novo." Id.

#### B.    Extension of time

The grant or denial of a trial court's decision to grant a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion.  Hall v. Hall, 95 Hawai'i 318, 320, 22 P.3d 965, 967 (2001).

#### C.    Finding of excusable neglect

"A trial court's order granting a motion to extend time for filing a notice of appeal on the grounds of excusable neglect is reviewed for an abuse of discretion."  Eckard Brandes, 146 Hawai'i at 358, 463 P.3d at 1015.

### IV. Discussion

**A. HRAP Rule 4(a)(4)(B) motions are not properly filed as ex parte motions**

An appeal extension motion based on "good cause" filed within the initial thirty days after an appeal deadline triggering order or judgment can be submitted ex parte pursuant to HRAP Rule 4(a)(4)(A).[24]  A HRAP Rule 4(a)(4)(B) motion based on "excusable neglect" filed after expiration of the initial thirty days, but before expiration of the second thirty days, however, is not properly filed on an ex parte basis.  HRAP Rule 4(a)(4)(B) expressly provides that "[n]otice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court . . . appealed from."  Thus, the ICA properly affirmed (1) the circuit court's January 31, 2018 order denying ex parte extension motion, issue (4) in the Ryans' February 6, 2018 appeal in CAAP-18-0000071; and (2) the March 8, 2018 order denying reconsideration of ex parte appeal extension denial, the subject of the Ryans' April 6, 2018 appeal in CAAP-18-0000388.[25]

Therefore, the remaining issues we address on certiorari are the circuit court's (1) February 6, 2018 order denying

---

[24]  See supra note 9.

[25]  Circuit courts of course have the authority, whether under RCCH Rule 8 (1997) or under their HRS §§ 603-21.9(1) and/or (6) (1993) general powers, to order that improper ex parte HRAP Rule 4(a)(4)(B) motions be scheduled for hearing or submitted on the briefs.

motion to advance, which is issue (5) in the Ryans' February 6, 2018 notice of appeal in CAAP-18-0000071; and (2) the April 5, 2018 order denying the Ryans' February 2, 2018 appeal extension motion, the subject of the Ryans' May 4, 2018 notice of appeal in CAAP-18-0000388.

**B.   The RCCH Rule 7.2(g)(5)(A) provision disallowing appellate review of decisions on motions to advance hearings is inapplicable to decisions on HRAP Rule 4(a)(4)(B) motions**

With respect to the circuit court's February 6, 2018 order denying motion to advance, the ICA ruled that although appellate jurisdiction existed, the circuit court's ruling denying the motion to advance is not subject to appellate review.  Ryan, mem. op. at 8.  The ICA based its ruling on the language of RCCH Rule 7.2(g)(5)(A), which expressly provides that a judge's grant or denial of a motion to advance[26] is not subject to review or reconsideration.

Pursuant to HRAP Rule 2.1(a), various rules of court including the HRCP and RCCH "are hereby adopted as a part of [the HRAP] whenever applicable."  (Emphasis added.)

---

[26]   Technically, this was a motion to shorten time for a hearing, not a motion to advance —- the latter terminology applies to requests to advance the date or time of hearings that have already been set.  The distinction is immaterial, as RCCH Rule 7.2(g)(5)(A) applies to both motions to shorten time and motions to advance.  In this case, because the motion has been referred to as one to advance instead of to shorten time, we use that nomenclature.

Preliminarily, HRAP Rule 4(a)(4)(B) requires that "[n]otice of an extension motion filed . . . shall be given to the other parties in accordance with the rules of the court . . . appealed from." Rule 7.2(g)(5)(A) appears within Rule 7.2 governing "Civil Motions Practice" in the circuit courts. According to Rule 7.2(a), "Rule 7.2 applies [] to cases that are governed by the Hawai'i Rules of Civil Procedure." The underlying circuit court case was governed by the HRCP. Thus, at first blush, RCCH Rule 7.2(g)(5)(A) would appear "applicable" pursuant to HRAP Rule 2.1(a) to HRAP Rule 4(a)(4)(B) motions to extend.

As explained below, however, the provision disallowing appellate review within RCCH Rule 7.2(g)(5)(A) conflicts with the language and intent of HRAP Rule 4(a)(4)(B), and its application to motions filed pursuant to the rule would create unjust and unfair results.

First, not allowing appellate review of circuit court denials of requests to advance or shorten time for HRAP Rule 4(a)(4)(B) motion hearings conflicts with the language and intent of HRAP Rule 4(a)(4)(B). HRAP Rule 4(a)(4)(B) allows for the filing of motions to extend time until the appeal deadline and implicitly requires expeditious rulings on these motions. As noted, HRAP Rule 4(a)(4)(B) provides:

> (4)   <u>Extensions of Time to File the Notice of Appeal</u>.
>
>       . . . .

28

>          (B) <u>Requests for Extensions of Time After Expiration
> of the Prescribed Time</u>.  The court or agency appealed
> from, upon a showing of excusable neglect, may extend
> the time for filing the notice of appeal <u>upon motion
> filed not later than 30 days after the expiration of
> the time prescribed by subsections (a)(1) through
> (a)(3)</u> of this Rule.  However, no such extension
> shall exceed 30 days past the prescribed time.
> Notice of an extension motion filed after the
> expiration of the prescribed time shall be given to
> the other parties in accordance with the rules of the
> court . . . appealed from.

(Emphasis added.)

Thus, HRAP Rule 4(a)(4)(B) expressly allows a motion to extend time to appeal for an additional thirty days after expiration of the initial thirty days <u>to be filed up until the thirtieth day after expiration of the initial time for filing an appeal</u>.  Although satisfaction of the "excusable neglect" standard would require parties to file their motions as soon as possible, the rule expressly allows the motion to be filed right up to the deadline, and envisions an expeditious ruling on such motion.[27]

Second, when a literal interpretation of a court statute or court rule would lead to absurd or unjust results, the court may depart from its plain reading.  <u>United Agri Products</u>, 86 Hawai'i at 255, 948 P.2d at 1096; <u>Franks v. City & Cty. of Honolulu</u>, 74 Haw. 328, 341, 843 P.2d 668, 674 (1993) (principles of statutory construction apply to interpretation of court rules).  For the

---

[27]    For example, a solo practitioner or a self-represented litigant who intended to file a notice of appeal within the first thirty days could become seriously ill and be hospitalized up to just before the HRAP Rule 4(A)(4)(B) deadline.

reasons below, subjecting HRAP Rule 4(a)(4)(B) motions to the RCCH 7.2(g)(5)(A) provision disallowing appellate review of circuit court grants or denials of motions to advance hearings could lead to absurd or unjust results.

Pursuant to RCCH Rule 7.2(b) and Exhibit B attached to the RCCH, a motion to extend time under HRAP Rule 4(a)(4)(B) is a hearing motion, which is generally heard on at least eighteen days notice. In circuit court civil cases, RCCH Rule 7(a) also generally requires that motions be served eighteen days before their hearing dates.

Circuit courts have discretion, however, in the scheduling of hearings on motions. Although circuit courts can also order HRAP Rule 4(a)(4)(B) motions to be submitted on the briefs,[28] normal course hearings in circuit courts are often scheduled to be heard more than eighteen days after filing. For example, in this case, the circuit court scheduled a September 5, 2017 hearing date on Wilmington's June 21, 2017 summary judgment motion for foreclosure. The circuit court scheduled a March 6, 2018 hearing date on the Ryans' February 2, 2018 appeal extension motion.

---

[28]    RCCH Rule 8 provides, "The court on its motion may order any matter submitted on the briefs and/or affidavits, without oral argument." (RCCH Rule 7(g) allows substitution of affidavits with unsworn declarations under penalty of law.)

30

Thus, RCCH Rule 8 provides that "[m]otions will be heard upon 18 days written notice in accordance with Rule 7 herein, <u>unless otherwise ordered by the court</u>[.]" RCCH Rule 7.2(g)(5)(A) therefore allows circuit courts to shorten time for or advance a hearing on a civil motion. The Ryans' February 2, 2018 appeal extension motion to advance (or shorten time) explicitly pointed out that a normal course setting would not allow their motion to be decided by the deadline for filing an appeal. The circuit court denied the motion to advance on February 6, 2018, and set the hearing in its normal course, for March 6, 2018. The circuit court could have expeditiously scheduled a hearing on the Ryans' February 2, 2018 extension motion.[29]

Not allowing appellate review for abuse of discretion on RCCH 7.2(g)(5)(A) motions to shorten time or advance hearings on HRAP Rule 4(a)(4)(B) motions would allow circuit courts that (1) do not order that such motions be submitted on the briefs pursuant to RCCH Rule 8 and expeditiously rule; or (2) schedule normal course hearings more than thirty days from filing, to effectively deny any opportunity to extend time for filing an appeal based on HRAP Rule 4(a)(4)(B), despite the latter rule's language and intent. Hence, a literal interpretation applying

---

[29]     Although the hearing motion was not filed until February 2, 2018, the ex parte motion had been filed on January 26, 2018, and Wilmington had already responded to the merits of the motion on January 30, 2018.

the RCCH 7.2(g)(5)(A) provision disallowing appellate review of circuit court decisions on motions to advance HRAP Rule 4(a)(4)(B) motions would lead to absurd or unjust results.[30]

We therefore hold, pursuant to HRAP Rule 2.1(a), that the RCCH Rule 7.2(g)(5)(A) provision disallowing appellate review of decisions on motions to advance hearings is inapplicable to decisions on HRAP Rule 4(a)(4)(B) motions.

C.  **The circuit court abused its discretion by denying the motion to advance hearing on the Ryans' motion to extend time for filing a notice of appeal**

Having ruled appellate review of the circuit court's February 6, 2018 order denying motion to advance is allowed, we next address whether the circuit court abused its discretion by denying the motion and not scheduling a hearing by the February 7, 2018 deadline.  As noted above, HRAP Rule 4(a)(4)(B) expressly allows a motion to extend time to file a notice of appeal for an additional thirty days after expiration of the initial thirty days to be filed up until the thirtieth day after expiration of the initial time for filing an appeal.  Although parties should not wait until the last minute and failure to timely file under HRAP Rule 4(a)(4)(B) is relevant to whether

---

[30]     We also note the absurdity of not allowing appellate review of circuit court decisions on motions to advance or shorten time on HRAP Rule 4(a)(4)(B) motions for an abuse of discretion based on RCCH Rule 7.2(g)(5)(A), when there is no comparable district court rule, and district court decisions on the scheduling of HRAP Rule 4(a)(4)(B) motions would be subject to appellate review for abuse of discretion.

"excusable neglect" exists, under the circumstances of this case, we hold that the circuit court abused its discretion by denying the motion to advance.

With respect to whether the hearing should have been advanced, because the Yoshida and Taiatini declarations were not refuted with any other evidence in the record on appeal, they are taken as true.[31] Thus, there is nothing in the record on appeal contradicting the Ryans' representations that they checked for the status of the order denying reconsideration weekly after the November 20, 2017 RCCH Rule 23 notice of submission of the proposed order denying foreclosure reconsideration, that upon not seeing it in Hoʻohiki by January 2, 2018, they called the circuit court's chambers and were told by staff that the "order was not entered, that the order might be on [the judge's] desk, that [the judge] was out at the time, and that they will follow up on the following Monday[,]" and that the Ryans did not realize the order had been entered on December 8, 2017, until they re-checked Hoʻohiki on January 25, 2018.[32] The circuit court would have been able to schedule,

---

[31]     See supra note 22.

[32]     At some point, Hoʻohiki showed that the order had been filed on December 8, 2017. However, the filing of the order on December 8, 2017, does not mean that Hoʻohiki reflected the filing of the document on that date. Before circuit court civil cases migrated to eCourt Kokua on October 28, 2019, docket entries regarding document filing had to be manually entered into

(continued. . .)

conduct a hearing, and enter an order on the motion before the February 7, 2018 deadline. We therefore hold that the circuit court abused its discretion in denying the motion to advance.

**D.     The Ryans showed "excusable neglect" and their February 2, 2018 appeal extension motion should have been granted**

Finally, we address whether the Ryans' February 2, 2018 HRAP Rule 4(a)(4)(B) appeal extension motion should also have been granted. The Ryans maintain the circuit court abused its discretion by denying this motion. Because the initial thirty-day appeal deadline had passed, the Ryans had to show "excusable neglect" to obtain an extension.

In general, trial courts should allow parties to exercise their appeal rights. As Wilmington notes, in Eckard Brandes, this court ruled that "as indicated by the United States Supreme Court in Pioneer[ Investment Services Co. v. Brunswick Associates Ltd. Partnership], 507 U.S. 380 [(1993)] . . ., whether 'excusable neglect' exists [to obtain a HRAP Rule 4(a)(4)(B) extension] is 'at bottom an equitable' decision; it is necessary to first determine whether there is 'neglect,' and, if so, whether the 'neglect' is 'excusable.'" 146 Hawai'i at 364, 463 P.3d at 1021. Eckard Brandes clarified that "'excusable neglect' is to be construed pursuant to its plain

---

(. . .continued)
Ho'ohiki. Sometimes the manual entry of document filing was delayed. With the migration to eCourt Kokua, this should no longer be an issue.

language: 'neglect' that is 'excusable,' which, 'involve[s] a broad, equitable, inquiry' 'taking into account all relevant circumstances surrounding the party's omission[,]'" and "the determination of whether 'excusable neglect' exists should lie largely in the discretion of the court." Id. (first alteration in original).

Even if the steps the Ryans took constituted "neglect,"[33] the neglect was "excusable." The Ryans represent they checked Ho'ohiki weekly for the status of the order denying reconsideration weekly after the November 20, 2017 RCCH Rule 23 notice of submission of the proposed order denying foreclosure reconsideration, and that upon not seeing it in Ho'ohiki by January 2, 2018, they called the circuit court's chambers on January 2, 2018. Their representations regarding statements made by circuit court staff on that date are not contradicted in the record on appeal. Also, Yoshida averred he and Taiatini did not realize the order had been entered on December 8, 2017, until they re-checked Ho'ohiki on January 25, 2018.[34]

---

[33]    We note that Ho'ohiki contains a disclaimer that the Judiciary "does not guarantee or represent that the information contains no errors, omissions, or inaccuracies. The user is responsible for assessing the accuracy and reliability of the information provided on the website." Also, as Wilmington argues, the Ryans could have called the circuit court after January 2, 2018 and also did not contact Wilmington's counsel to check on the status of the order denying foreclosure reconsideration.

[34]    See supra note 32.

Eckard Brandes had not been decided as of the time of the circuit court and ICA decisions. In rejecting the Ryans' arguments regarding "excusable neglect," the ICA relied on Enos v. Pacific Transfer & Warehouse, Inc., 80 Hawai'i 345, 910 P.2d 116 (1996). Ryan, mem. op. at 10-11. The ICA characterized the Ryans' argument as blaming the circuit court clerk for their failure to timely file a notice of appeal, and ruled excusable neglect did not exist. Id.

Enos is clearly distinguishable. In Enos, movant's counsel had actual notice of the filing of the judgment eighteen days before the initial appeal deadline. 80 Hawai'i at 353, 910 P.2d at 124. The primary basis for the motion to extend was counsel's belief that the time for filing a notice of appeal was triggered by the filing of a notice of entry of judgment rather than by the filing of the judgment itself. 80 Hawai'i at 354, 910 P.2d at 125. We held the trial court abused its discretion by granting the motion to extend time for filing a notice of appeal because the failure to timely file the appeal was caused by counsel's failure to read and comply with the plain language of applicable procedural rules, which cannot constitute "excusable neglect." 80 Hawai'i at 355, 910 P.2d at 126.

Although the Ryans' January 26, 2018 ex parte motion did not comply with applicable procedural rules, their February 2, 2018 motions to extend and advance the hearing did. They did

36

not know until January 25, 2018, that the order triggering appeal deadlines had been filed on December 8, 2017.

Wilmington also bears responsibility for this lack of knowledge of the December 8, 2017 filing of the order denying foreclosure reconsideration. As explained earlier, on November 20, 2017, Wilmington filed a RCCH Rule 23 notice of submission of the proposed order with a certificate of service on the Ryans' counsel. In this certificate of service, Wilmington's counsel expressly stated, "The undersigned hereby certifies a copy of the foregoing Order will be duly served upon the" Ryans' counsel "when filed copies are received[.]" Yet, and in contravention of HRCP Rule 5's requirement of service, according to the record, Wilmington did not serve a file-stamped copy of the December 8, 2017 order denying foreclosure reconsideration on the Ryans' counsel until February 26, 2018. The Ryans' counsel immediately took action after learning of the December 8, 2017 filing on January 25, 2018.

Thus, the circumstances of this case indicate that even if there was "neglect," under a "broad, equitable, inquiry" "taking into account all relevant circumstances surrounding the party's omission[,]" the "neglect" was "excusable" under the circumstances.

Hence, we hold that the circuit court abused its discretion by denying the Ryans' February 2, 2018 appeal extension motion.

As there were abuses of discretion in denying the February 2, 2018 motions to advance hearing and to extend the time for filing an appeal, the Ryans' February 6, 2018 notice of appeal in CAAP-18-0000071 was timely filed from the December 8, 2017 order denying foreclosure reconsideration.  Therefore, we remand to the ICA to consider the merits of the other issues over which appellate jurisdiction exists based on the Ryans' timely appeal of the December 8, 2017 order denying foreclosure reconsideration.

## V. Conclusion

Based on the reasons above, we vacate the ICA's May 7, 2020 judgment on appeal and remand to the ICA for further proceedings consistent with this opinion.

| | |
|---|---|
| Gary V. Dubin, | /s/ Mark E. Recktenwald |
| Frederick J. Arensmeyer, | |
| and Matthew K. Yoshida | /s/ Paula A. Nakayama |
| for petitioners | |
| | /s/ Sabrina S. McKenna |
| Charles R. Prather, | |
| Robin Miller, | /s/ Michael D. Wilson |
| Sun Young Park, and | |
| Peter T. Stone, | /s/ John M. Tonaki |
| for respondent | |

