**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000330
16-JUN-2026
08:17 AM
Dkt. 17 ODSLJ**

NO. CAAP-26-0000330

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

G.B., Plaintiff-Appellee,
v.
J.B., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV201007550)

ORDER DISMISSING APPEAL
(By: Nakasone, Chief Judge, Wadsworth and Gluck, JJ.)

Upon review of the record, it appears that self-represented Defendant-Appellant J.B. (**J.B.**) appeals from the following orders entered in the Family Court of the First Circuit:

1. an October 10, 2025 "Order Denying in Part Defendant's Motion for Discovery, Filed September 19, 2025 [Dkt. 332]" (**10/10/25 Order**), entered at docket 401;

2. a March 11, 2026 "Order Granting in Part and Denying in Part [J.B.]'s Motion and Declaration for Post-Decree Relief, Filed 09/26/25 (Dkt. 354)" (**3/11/26 Order**), entered at docket 643;

3. a March 19, 2026 "Scheduling Order for Motion and Declaration for Post-Decree Relief" (**3/19/26 Order**), entered at docket 666;

4. an April 21, 2026 "Order Denying Defendant's Motion for Reconsideration or New Trial Filed March 23, 2026 [Dkt. 679]" (**4/21/26 Order**),[1] entered at docket 722; and

5. a May 8, 2026 "Order Denying [J.B.]'s Motion for Discovery Filed 3/12/26 (Dkt. 649)" (**5/8/26 Order**), entered at docket 783.

"An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists." In re Doe, 107 Hawaiʻi 12, 15, 108 P.3d 966, 969 (2005) (citation, ellipses, and quotation marks omitted). We address each Order in turn.

1. **10/10/25 Order**: The time to appeal from the 10/10/25 Order expired on November 10, 2025. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1). The record does not reflect that the time to appeal was tolled under HRAP Rules 4(a)(3) or (4). Therefore, the appeal is untimely as to the 10/10/25 Order.

---

[1]    J.B. identified multiple motions and orders in her April 13, 2026 notice of appeal. As the motions identified are not themselves appealable, we liberally construe the notice of appeal as seeking to appeal from the respective orders resolving the identified motions. See Erum v. Llego, 147 Hawaiʻi 368, 391, 465 P.3d 815, 838 (2020) ("[T]he pleadings of pro se litigants should be liberally interpreted in order to promote access to justice.").

2. **3/11/26 Order**:  J.B. has already appealed from the 3/11/26 Order in case number CAAP-26-0000329.[2]  Thus, the instant appeal is duplicative, in part, as to the 3/11/26 Order.

3. **3/19/26 Order**:  The 3/19/26 Order is not appealable under Hawaiʻi Revised Statues §§ 571-54 (2018) and 641-1 (2016) because it merely sets scheduling on a separate motion filed at docket 657.  Accordingly, the 3/19/26 Order does not finally determine all issues raised in a post-decree proceeding.  See Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (post-divorce decree orders are appealable if they finally determine all issues raised in a post-decree proceeding), affirmed in part, and vacated in part on other grounds, 95 Hawaiʻi 318, 22 P.3d 965 (2001).

4. **4/21/26 Order**:  The Family Court entered the 4/21/26 Order after the appeal was filed, and the record indicates a decision on the merits of the motion the 4/21/26 Order resolves was not previously announced.  As the appeal was prematurely filed before announcement of a decision, the premature appeal exception does not apply.  See HRAP Rule 4(a)(2) ("If a notice of appeal is filed **after announcement of a decision** but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.") (Emphasis added.)  Thus, the court lacks jurisdiction over the 4/21/26 Order.

5. **5/8/26 Order**:  Likewise, the Family Court both announced its decision and entered the corresponding 5/8/26 Order after the appeal was filed.  As the appeal was prematurely filed

---

[2]  See id.  In CAAP-26-0000329, J.B. purports to appeal from docket 354, which is a motion, and which was resolved via the 3/11/26 Order.

before announcement of a decision, the premature appeal exception in HRAP Rule 4(a)(2) does not apply. Thus, the court lacks jurisdiction over the 5/8/26 Order.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed in part as duplicative of the appeal in CAAP-26-0000329 and in part for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED: Honolulu, Hawai'i, June 16, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge